UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| KAREN S. HEAVIN,<br><br>Plaintiff,<br><br>V.<br><br>KENTUCKY STATE UNIVERSITY,<br>and LUCIAN YATES III,<br><br>Defendants. | )<br>)<br>)<br>) Civil No. 3:19-cv-00045-GFVT<br>)<br>)<br>)<br>)<br>)<br>) **MEMORANDUM OPINION**<br>) **&**<br>) **ORDER**<br>)<br>)<br>)<br>)<br>)<br>) |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on Defendants Kentucky State University and Lucian Yates III's Motion to Dismiss. [R. 4.] Plaintiff Karen S. Heavin seeks damages under various theories of liability against Kentucky State University (KSU) and the Provost of KSU after the termination of her employment at the University. However, Ms. Heavin's claims against the official defendant is barred by sovereign immunity. For the reasons stated below, Defendants' Motion will be GRANTED in part and DENIED in part.

**I**

**A**

After being a math instructor for KSU since 2007, Karen Heavin was appointed as a tenure track assistant professor for a term from August 13, 2018 through May 13, 2019. [R. 1 at 1–2.] On February 13, 2019, the provost of KSU, Dr. Lucian Yates, and the Human Resources

Director of KSU met with Ms. Heavin to inform her that her appointment as a tenure track assistant professor was being terminated. *Id.* at 2. KSU informed Ms. Heavin that her appointment would terminate on November 12, 2019, which was a notice of almost months before termination was final. *Id.* Ms. Heavin claims that Dr. Yates ordered KSU representatives to escort Ms. Heavin to her office following the meeting, where she was instructed to remove all of her personal belongings, and escort her out of her office. *Id.* at 3. Thereafter, Ms. Heavin submitted a grievance in regards to her termination pursuant to such policy in the KSU Faculty Handbook, which was denied by KSU Executive Vice President. *Id.* at 3–4. After Ms. Heavin received the denial of the grievance, she appealed it to the President of KSU, who did not render a decision on the matter. *Id.* at 4.

On June 25, 2019, Ms. Heavin sued the Kentucky State University and Dr. Lucian Yates III. [R. 1.] In her complaint, she seeks compensatory and punitive damages for violations of 42 U.S.C. § 1983, state-law breach of contract, and violation of the Fair Labor Standards Act. *Id*. Count I applies to all defendants, while Counts II-III allege liability only for Kentucky State University. *Id.* at 4–7.

**B**

Federal Rule of Civil Procedure 12(b)(1) provides that a defendant may assert lack of subject-matter jurisdiction as a defense. A motion to dismiss under Rule 12(b)(1) is different from a motion to dismiss under Rule 12(b)(6) because it challenges the Court's power to hear the case before it. When jurisdiction is challenged under this rule, the burden is on the plaintiff to prove that jurisdiction exists. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). In answering this question, the Court is "empowered to resolve factual disputes" and need not presume that either parties' factual allegations are true. *Id*.

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of a plaintiff's complaint. In reviewing a Rule 12(b)(6) motion, the Court "construe[s] the complaint in the light most favorable to the plaintiff, accept[s] its allegations as true, and draw[s] all inferences in favor of the plaintiff." *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citation omitted). The Court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)). The Supreme Court explained that in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). See also *Courier v. Alcoa Wheel & Forged Products*, 577 F.3d 625, 629 (6th Cir. 2009).

## II

### A

KSU contends that the Court has no subject matter jurisdiction over KSU because the official defendant enjoys sovereign immunity against all claims asserted by Ms. Heavin.[1] [R. 4 at 20.] When jurisdiction is challenged under this rule, the burden is on the plaintiff to prove that jurisdiction exists. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). In answering this question, the Court is "empowered to resolve factual disputes" and need not presume that either parties' factual allegations are true. *Id.* Generally, the Eleventh Amendment bars suits against states and state agencies in federal court unless a state legislature has waived immunity or has consented to being sued in federal court. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989); *Grinter v. Knight*, 532 F.3d 567, 572 (6th Cir. 2008). The

---

[1] Under Kentucky law, Kentucky State University is a land-grant institute of higher education and is an agency of the state. *See* KRS § 164.290.

Eleventh Amendment protects states against all types of claims, "whether for injunctive, declaratory or monetary relief." *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 381 (6th Cir. 1993); *see also McCormick v. Miami Univ.*, 693 F.3d 654, 661 (6th Cir. 2012).

There are three exceptions to Eleventh Amendment immunity. First, Congress may abrogate a state's immunity pursuant to its Fourteenth Amendment powers, *see Alden v. Maine*, 527 U.S. 706, 756, 119 S. Ct. 2240, 144 L. Ed. 2d 636 (1999). Second, a state may waive its immunity. *See Sossamon v. Texas*, 563 U.S. 277, 284–85, 131 S. Ct. 1651, 179 L. Ed. 2d 700 (2011). And third, a state's waiver may be invalidated under the exception found in *Ex Parte Young*, 209 U.S. 123, 28 S. Ct. 441, 52 L. Ed. 714 (1908). For this sovereign immunity analysis, it is important to note that Ms. Heavin seeks monetary and injunctive relief [*see* R. 1 at 8], which places only the *Ex Parte Young* exception in question.

Under *Ex parte Young*, individuals who are "officers of the state" who are violating or threatening to violate the Federal Constitution "may be enjoined by a Federal court of equity from such action." 209 U.S. at 155–56. Claims brought under *Ex Parte Young* cannot provide "retroactive relief," but can only provide prospective relief. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984). A "court may enter a prospective suit that costs the state money . . . if the monetary impact is ancillary, i.e., not the primary purpose of the suit." *Boler v. Earley*, 865 F.3d 391, 413 (6th Cir. 2017). Put another way, "a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment." *Edelman v. Jordan*, 415 U.S. 651, 663, 94 S. Ct. 1347, 39 L. Ed. 2d 662 (1974). To make the determination of whether the relief sought is prospective or retroactive, the Court looks at whether "money or the non-monetary

injunction is the primary thrust of the suit." *S & M Brands, Inc. v. Cooper*, 527 F.3d 500, 510 (6th Cir. 2008). It follows that injunctive relief pursuant to the *Ex Parte Young* exception is only available against the state officers and not the state itself. *Lawson v. Shelby Co., Tenn.*, 211 F.3d 331, 334 (6th Cir. 2000). Thus, Ms. Heavin's claims against KSU are barred by Eleventh Amendment immunity and do not fall under the *Ex Parte Young* exception since KSU is not an individual officer of the state, but instead an agency or arm of the state.

Furthermore, the Commonwealth of Kentucky has not expressly waived immunity in this situation or in any way consented to suit in this Court. [R. 4 at 24.] Such waiver or consent must be expressed and unequivocal in order to bypass immunity. *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 99 (1984). As an agency of the Commonwealth of Kentucky, Kentucky State University enjoys sovereign immunity under the Eleventh Amendment. *Pennhurst*, 465 at 100. Even if a § 1983 claim asserts a violation of the Constitution, the Eleventh Amendment completely bars a federal court from awarding damages against the state treasury. *Pennhurst*, 465 at 120. Accordingly, Ms. Heavin's § 1983 claim against KSU must be dismissed.

When a plaintiff asserts a § 1983 claim, the district court maintains supplemental jurisdiction to address state law claims related to those federal claims. *Voyticky v. Timberlake*, 412 F.3d 669, 674–75 (6th Cir. 2005). However, the constitutional bar under the Eleventh Amendment applies to supplemental state claims just as it applies to federal claims. *Pennhurst*, 465 at 120. As the Supreme Court has stated, "If we were to hold otherwise, a federal court could award damages against a State on the basis of a pendent claim. Our decision in *Edelman v. Jordan, supra*, makes clear that pendent jurisdiction does not permit such an evasion of the immunity guaranteed by the Eleventh Amendment." *Id*. at 120–21 (citing *Edelman v. Jordan*,

415 U.S. 651 (1974)).  However, parties have agreed to dismiss without prejudice Plaintiff's breach of contract claim since the Commonwealth has chosen not to waive its immunity.  [R. 6 at 44; R. 7 at 55.]  Therefore, Ms. Heavin's breach of contract claim against KSU must also be dismissed for lack of subject matter jurisdiction.

Likewise, Count Three must be dismissed against Kentucky State University since "Eleventh Amendment immunity bars suit under the FLSA by private citizens against the State in federal court." *Wong-Opasi v. Tenn. Univ.,* 2000 WL 1182827, at *1 (6th Cir. Aug. 16, 2000) (citing *Wilson-Jones v. Caviness,* 99 F.3d 203, 205–06 (6th Cir. 1996)).  The Sixth Circuit has also pointed to precedent in *Employees v. Missouri Pub. Health Dep't,* 411 U.S. 279, 285, (1973), where "the Court considered whether Congress intended, in enacting the Fair Labor Standards Act (FLSA) to lift the States' Eleventh Amendment immunity.  It found that the legislative history of the statute did not indicate that Congress desired silently to deprive the States of an immunity they have long enjoyed under another part of the Constitution.'" *Marine Mgmt., Inc. v. Commonwealth of Ky.*, 723 F.2d 13, 14–15 (6th Cir. 1983).  Therefore, for the same reasons stated above, Plaintiff's claim under the FLSA against Kentucky State University is barred by sovereign immunity and must be dismissed.

**B**

It is unclear from Plaintiff's Complaint whether she asserts her due process claim only against KSU and Dr. Yates in their official capacities or against both KSU in its official capacity and Dr. Yates in his individual capacity.  [*See* R. 1.]  Because the Court must make all reasonable inferences in Ms. Heavin's favor when considering Defendants' Motion to Dismiss, the Court will construe Ms. Heavin's Complaint as asserting her § 1983 claim against both KSU in its official capacity and Dr. Yates in his individual capacity.

**1**

Plaintiff maintains that her § 1983 claim against the individual-capacity defendant is not barred by sovereign immunity. [R. 5.] However, Mr. Yates also asserts the defense of qualified immunity [R. 4 at 9–11], which shields "government officials performing discretionary functions . . . from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). "[W]hether qualified immunity attaches to an official's actions is a purely legal question for the trial judge to determine prior to trial." *Garvie v. Jackson*, 845 F.2d 647, 649 (6th Cir. 1988). Two questions are asked to determine whether an official is entitled to qualified immunity: (1) "Taken in the light most favorable to the party asserting injury, do the facts alleged show the officer's conduct violated a constitutional right?" and (2) was the right "clearly established . . . in light of the specific context of the case[?]" *Crosby*, 863 F.3d at 552 (quoting *Saucier v. Katz*, 533 U.S. 194, 201 (2001)). Finally, once a defendant raises the qualified immunity defense, "the burden shifts to the plaintiff, who must demonstrate both that the official violated a constitutional or statutory right, and that the right was so clearly established at the time of the alleged violation 'that every reasonable official would have understood that what he [was] doing violate[d] that right .'" *Thomas v. Plummer*, 489 F. App'x 116, 119 (6th Cir. 2012) (citing *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011)).

Plaintiff claims she was denied her constitutional and statutory rights to due process when she was neither notified in writing of the nature of the charges leading to the adverse employment actions with ten days' notice, nor was she afforded an opportunity for a hearing prior to, or even after, the adverse employment actions. [R. 6 at 42.] Plaintiff contends that her interests in continuing employment with KSU are property interests protected by both the

Fourteenth Amendment of the United States Constitution and the Kentucky Constitution. [R. 1 at 20; R. 19 at 22.] Additionally, Plaintiffs assert a violation of Kentucky law, which reads in pertinent part,

> no . . . faculty member shall be removed except for incompetence, neglect of or refusal to perform his duty, or for immoral conduct. A president or faculty member shall not be removed until after ten (10) days' notice in writing, stating the nature and charges preferred, and after an opportunity has been given him or her to make defense before the Board. . . .

KRS § 164.360(c).

It is settled law that "[s]tate employees who have a property interest in their employment are entitled to certain minimum process before being fired." *Cox v. Shelby State Community College*, 48 Fed. App'x 500, 507 (6th Cir. 2002) (citing *Cleveland Bd, of Ed. v. Loudermill*, 470 U.S. 532(1985)). The United States Supreme Court has held that "college professors and staff members dismissed during the terms of their contracts have interests in continued employment that are safeguarded by due process." *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 576–577 (1972) (citing *Wieman v. Updegraff*, 344 U.S. 183 (1952)).

With this legal framework in mind, it is important to emphasize the employment actions taken against Ms. Heavin. According to the complaint, Ms. Heavin was terminated from her employment via a meeting with Dr. Yates and KSU's Director of Human Resources on February 13, 2019. [R. 1 at 2.] Following this meeting, Dr. Yates ordered KSU representatives to escort Ms. Heavin to her office to collect her personal belongings, and escort her out of her office. *Id.* at 3. According to Plaintiff, this termination came at a time when Ms. Heavin was under contract for a tenure track for a specified time period. *Id.* Plaintiff alleges these actions violated her tenure-protected rights since she was given no opportunity for a hearing and no notice prior to the meeting.

As stated earlier, Plaintiff alleges a violation of KRS § 164.360(c), which states

university faculty members may not be removed except under certain circumstances. (Emphasis added.) Because Ms. Heavin was removed, she can maintain a cause of action under this statutory scheme. Therefore, taking the facts in the light most favorable to the party asserting injury, Plaintiff's claims again Ms. Heavin individually survive a Motio to Dismiss at this early stage of the proceedings. See *Crosby*, 863 F.3d at 552 (citing *Saucier v. Katz*, 533 U.S. at 201).

Qualified immunity is broad, and protects officials from personal liability when performing discretionary functions within their official capacity. *Maben v. Thelen*, 887 F.3d 252, 269 (6th Cir. 2018); *Messerschmidt v. Millender*, 565 U.S. 535, 546 (6th Cir. 2012). Defendant may be entitled to qualified immunity, so long as his conduct did not *clearly* violate the rights of the Plaintiff. *Messerschmidt*, 565 U.S. at 546. That determination must wait until after discovery. Defendants have not provided, and the Court cannot find, whether Ms. Heavin's process of termination was a clear violation of her rights, as more facts and discovery is necessary. Therefore, regarding Count One, Ms. Heavin's § 1983 claims against Dr. Yates in his individual capacity will proceed.

### III

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. Defendants' Motion to Dismiss [R. 4.] is **GRANTED** with respect to all Counts against Kentucky State University.

2. Defendants' Motion to Dismiss [R.4] is **DENIED** with respect to Claim 1 against Lucian Yates III, in his individual capacity.

3. Count Two of the Plaintiffs' Complaint against Kentucky State University is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

This the 7th day of November 2019.

Gregory F. Van Tatenhove
United States District Judge